IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOE THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-CV-00659-O-BP |
| § | |
| GREYHOUND LINES, INC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Dismiss (ECF No. 23), filed October 11, 2017; Defendant's Supplemental Motion to Dismiss (ECF No. 38), filed December 21, 2017; Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 44), filed February 1, 2018; and Defendant's Reply in support of its Motion to Dismiss (ECF No. 45), filed February 8, 2018. Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Defendant's Motion to Dismiss and Supplemental Motion to Dismiss (ECF Nos. 23 and 38).

**I.   BACKGROUND**

   **A.  Factual Background**

In his Third Amended Complaint, Joe Thomas ("Plaintiff") alleges that on December 6, 2007, and on September 12, 2015, he was a passenger on a Greyhound bus from Los Angeles, California, to Albany, Georgia. ECF No. 39 at 1–2. According to Plaintiff, he sustained injuries on December 6, 2007, somewhere between Leon County, Texas, and Tallahassee, Florida, and that he suffered injuries on his September 12, 2015, trip somewhere between Abilene, Texas, and Dallas, Texas. *Id.* Plaintiff alleges that chemicals or gas fumes in the restroom of the Greyhound

buses made him feel sick, nauseous, weak, and short of breath, and gave him a headache. *Id.* He further contends that despite the bus being filled with "smoke and fumes" during the December 2007 incident, the bus driver instructed passengers to re-board the bus and drove the bus to the next stop. *Id.* Plaintiff alleges that the injuries he suffered from the December 6, 2007 and September 12, 2015, bus rides are related. In support, he attaches to his pleading and references medical records dated June 3, 2003; December 27, 2007; January 9, 2008; January 19–20, 2008; August 23, 2008; November 20, 2008; April 8, 2009; July 22, 2009; November 2, 2009; November 4, 2009; September 13, 2015; and August 10, 2016. ECF No. 39 at 11–37.

### B. Procedural Background

Plaintiff commenced this action *pro se* by filing his Original Complaint on August 8, 2017, asserting product liability and personal injury claims against Greyhound Lines, Inc. ("Greyhound"). ECF No. 1. On September 26, 2017, Plaintiff filed a Second Amended Complaint. ECF No. 14. On October 11, 2017, Greyhound appeared in the case and filed a Motion to Dismiss under Rule 12(b)(6) (ECF No. 23) and a Motion to Transfer Venue (ECF No. 24). Thereafter, on October 26, 2017, Plaintiff filed his Third Amended Complaint (ECF No. 29) with a completed summons form to serve Addie L. Jones, "the Attorney for Greyhound Lines Inc." ECF No. 29-1. On October 30, 2017, Plaintiff filed another Amended Complaint, this time including a personal statement about his medical status (ECF No. 30) and a completed summons form to serve Addie L. Jones, "the Attorney for Greyhound Lines Inc." ECF No. 30-1.

On October 31, 2017, the Court ordered Plaintiff to comply with Federal Rule of Civil Procedure 15(a) by either obtaining written consent from counsel for the opposing party or moving for leave to amend his pleadings. ECF No. 34. The Court issued an order striking and unfiling Plaintiff's Amended Complaint (ECF No. 30) due to Plaintiff's non-compliance with Rule 15.

2

ECF No. 32. Plaintiff then filed the instant "Motion for Move Leave Definite Statement Pursuant to Rule 12 {c} of the Federal Rules of Civil Procedure." ECF No. 33. The Court issued an order construing Plaintiff's motion as requesting leave to file an amended complaint. ECF No. 36. In granting Plaintiff's motion for leave to amend his complaint, the Court instructed Plaintiff to re-file the complaint he filed on October 30, 2017, and no other. *Id.* at 5.

Plaintiff has not complied with the Court's order in multiple ways. His latest amended complaint differs from the amended complaint he filed on October 30, 2017, and he failed to file the amended complaint by December 18, 2017. Instead, Plaintiff filed an entirely new amended complaint on January 2, 2018. ECF No. 39. Plaintiff also filed another amended complaint on January 8, 2018, which is a duplicate of the amended complaint filed on January 2, 2018. The Court construes the Third Amended Complaint filed on January 2, 2018 (ECF No. 39) as the live pleading in addressing Defendant's Motion to Dismiss, as Plaintiff's claims and supporting facts remain unchanged from his previously filed complaints.

The undersigned ordered Defendant to file any supplement to its Motion to Dismiss necessary to address Plaintiff's Third Amended Complaint. ECF No. 36. On December 21, 2017, Defendant filed its Supplemental Motion to Dismiss, stating that "there [were] no new claims for which Greyhound needs to respond." ECF No. 38 at 1. Plaintiff then filed his Response to Defendant's Motion to Dismiss on February 1, 2018. ECF No. 44. Defendant filed its Reply to Plaintiff's Response on February 8, 2018. ECF No. 45. On February 22, 2018, Plaintiff filed a "Motion Leave [sic] to More Additional Evidence to Support Plaintiff Claim for Liability Costs and Brief in Support." ECF No. 46. By separate Order entered today, the Court granted Plaintiff's Motion for Leave, and the undersigned considers that Motion and attachments to it in the interest of justice and because Plaintiff is proceeding *pro se* in this action.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits

rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co.*, 313 F.3d at 329; *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, Civ. A. No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

When a case involves a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx*

*v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III.   ANALYSIS

Plaintiff alleges that "Greyhound is liable for the two injuries sustained by Plaintiff for their failure to care for Plaintiff's health" and that "Greyhound owed Plaintiff a duty . . . which was breached when the bus driver acting on the wishes of Greyhound, forced Plaintiff to get back on the hazardous vehicle." ECF No. 39 at 2. Plaintiff's response to Defendant's Motion to Dismiss contains the same facts and claims as his Third Amended Complaint. ECF Nos. 39 and 44. In both pleadings, Plaintiff argues that he sustained injuries on two separate Greyhound bus rides as a passenger, for which he seeks $10 million in damages. *Id.*

In its Motion, Defendant argues that Plaintiff does not state a cognizable cause of action against Greyhound. ECF No. 23. In addition, Defendant contends that Plaintiff's potential claims for product liability fail because Plaintiff has not pleaded enough facts to demonstrate a "claim to relief that is plausible on its face." ECF No. 23 (citing *Twombly*, 550 U.S. at 555). The Court need not address Defendant's product liability arguments because Plaintiff did not include any claims for product liability in his Third Amended Complaint. Alternatively, Defendant moves for a more definite statement of Plaintiff's claims. ECF Nos. 23 at 4-5 and 38 at 2.

Courts liberally construe the pleadings of *pro se* litigants, but such parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975)). Liberally construed, Plaintiff alleges in the Third Amended Complain that he was exposed to chemical fumes on two separate trips on a Greyhound bus. He alleges that Greyhound failed to take care of his health and breached a duty to him by exposing him to the smoke and fumes. He claims that he was injured as a result and that Greyhound should compensate him for his injuries. Although

Greyhound may ultimately establish in a dispositive motion or prove at trial that it is not liable for Plaintiff's alleged injuries, Plaintiff has alleged a facially plausible claim for negligence against Greyhound in his Third Amended Complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Greyhound may develop the extent and bases of Plaintiff's claims and alleged damages through discovery. Thus, Defendant's Motion to Dismiss (ECF No. 23) and Supplemental Motion to Dismiss (ECF No. 38), including its alternative Motion for More Definite Statement, should be **DENIED**.

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Defendant's Motion to Dismiss (ECF No. 23) and Supplemental Motion to Dismiss (ECF No. 38).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed February 26, 2018.

                                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE

8