IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00659-O |
| | § | |
| GREYHOUND LINES, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Joe Thomas' Motion for the Court to Review and Reconsider the Case and a Certificate of Conference Indicating Plaintiff has Conferred with Defendant and Stating the Position of Defendant on this Motion (ECF No. 97) filed on December 13, 2018 and Defendant Greyhound Lines, Inc.'s Response in Opposition to Plaintiff's Motion (ECF No. 98) filed on December 17, 2018. By Order dated December 18, 2018, United States District Judge Reed O'Connor referred Plaintiff's Motion and all related responses, replies, briefs in support, appendices, etc., to the undersigned, for hearing, if necessary, and determination or recommendation to Judge O'Connor (ECF No. 99). After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion (ECF No. 97).

**I.   BACKGROUND**

Plaintiff Joe Thomas ("Thomas") filed this lawsuit against Defendant Greyhound Lines, Inc. ("Greyhound") on August 8, 2017. (*See* ECF No. 1). Thomas sued Greyhound for personal injuries he allegedly sustained after inhaling chemicals derived from a Greyhound train when riding as a passenger from California to Albany, Georgia. (*Id.* at 1). Specifically, Thomas alleged

that he suffered chemical inhalation that caused "dysfunction syndrome preexisting asthma pneumonia respiratory injury disease disability." (*Id.*). The parties later engaged in private mediation on August 10, 2018 for the purposes of reaching a settlement of this lawsuit. (ECF No. 88 at 1). Greyhound submitted a Supplemental Notice of Settlement and Status Report (ECF No. 88) on September 11, 2018, informing the Court that the parties had reached a Settlement Agreement at the mediation. (*Id.* at 1). The parties accepted the mediator's proposed settlement amount of "$17,250.00 in exchange for a full release and dismissal of the lawsuit." (*Id.*; *see also Id.* at Exh. A).

Thomas responded to Greyhound's Supplemental Notice of Settlement and Status Report by explaining that he felt taken advantage of during mediation and was unhappy with the settlement amount. (ECF No. 90 at 1). He requested that the Court allow further proceedings to correct the settlement amount and for his lawsuit to not be dismissed. (*Id.*). Greyhound replied by filing a Motion to Enforce Settlement Reached at Mediation (ECF No. 91). Judge O'Connor granted Greyhound's Motion, explaining that a settlement agreement is a contract and is binding on the parties to the agreement. (ECF No. 92 at 1). He further explained that district courts may exercise their discretion to enforce a settlement agreement where one party to a suit initially agreed to the settlement and then later refused to execute a formal agreement. (*Id.*). Finally, Judge O'Connor found that: (1) a valid contract existed between Thomas and Greyhound; (2) there was a mutual acceptance of the settlement agreement's terms; (3) there was an offer, acceptance, and consideration; (4) and Thomas had not alleged any contract defenses that are recognized by the Fifth Circuit to avoid the settlement agreement. (*Id.* at 2). Thus, by Order dated October 4, 2018 (ECF No. 92), Judge O'Connor granted Greyhound's Motion (ECF No. 91) and dismissed this lawsuit with prejudice. Judge O'Connor entered a Final Judgment on that same date. (ECF No. 93).

## II. DISCUSSION

Thomas has now moved for reconsideration of that judgment, which the Court construes as a motion for relief from the Final Judgment filed under Federal Rule of Civil Procedure 60. Attached to Thomas's Motion are medical records consisting of a pulmonary function test dated November 13, 2017 (ECF No. 97 at 3-4) and a radiologist's report of a portable chest X-ray dated July 8, 2018 (*Id.* at 5). Thomas does not include any legal arguments or authorities in support of his Motion.

Rule 60(a) provides for corrections to a judgment due to clerical mistakes or a mistake due to oversight or omission. Fed. R. Civ. P. 60(a). Thomas alleges no such mistakes that would apply to the Court's Final Judgment in this matter, and the undersigned sees none. Accordingly, reconsideration under Rule 60(a) is unavailable. Rule 60(b) permits relief from a judgment for several reasons, none of which Thomas urges in his Motion. Neither of the records attached to the Motion provides any basis for correcting, revising, or reconsidering the Final Judgment under Rule 60(b).

Although "newly discovered evidence" is an approved ground for reconsideration under Rule 60(b)(2), Thomas has not shown that he exercised diligence in obtaining the records attached to the Motion or that the records are "material and controlling and clearly would have produced a different result if present before the original judgment" as is required for Rule 60(b)(2) to apply. *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). The medical records attached to the Motion are not relevant to whether Thomas agreed to settle his case against Greyhound, which was the central issue in the Court's Order dated October 4, 2018 (ECF No. 92) granting Greyhound's Motion to Enforce Settlement Reached at Mediation

and its Final Judgment (ECF No. 93). Accordingly, relief under Rule 60(b)(2) is not appropriate in this case.

Thomas has provided no legal or equitable reason why the Court's Final Judgment is in error. Accordingly, Judge O'Connor should **DENY** Plaintiff's Motion for the Court to Review and Reconsider the Case and a Certificate of Conference Indicating Plaintiff has Conferred with Defendant and Stating the Position of Defendant on this Motion (ECF No. 97).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **January 24**, **2019**.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE