IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOE THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00659-O |
| § | |
| GREYHOUND LINES, INC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff Joe Thomas' "Motion for Net Monterey Recover Costs under CCP Section 1032 the Court to Review and Reconsider the and a Certificate of Conference Indicating Plaintiff has Conferred with Defendant and Stating the Position of Defendant on this Motion" (ECF No. 104) filed on February 28, 2019 and Defendant Greyhound Lines, Inc.'s Response (ECF No. 107) filed on March 11, 2019. By Order dated March 4, 2019, United States District Judge Reed O'Connor referred Plaintiff's Motion and all related responses, replies, briefs in support, appendices, etc., to the undersigned, for hearing, if necessary, and determination or recommendation to Judge O'Connor (ECF No. 105). After considering the pleadings and applicable legal authority, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion (ECF No. 104).

**I.    BACKGROUND**

Plaintiff Joe Thomas ("Thomas") filed this personal injury lawsuit against Defendant Greyhound Lines, Inc. ("Greyhound") on August 8, 2017. (*See* ECF No. 1). The parties ultimately settled the case through mediation, and Judge O'Connor granted Greyhound's Motion to Enforce Settlement Reached at Mediation (ECF No. 91) on October 4, 2018. Also on that date

he dismissed the lawsuit with prejudice and entered Final Judgment. (ECF Nos. 92 and 93). Thomas moved the Court to reconsider (ECF No. 97), the undersigned entered Findings, Conclusions, and Recommendation recommending that his motion be denied (ECF No. 101), and Judge O'Connor accepted the Findings, Conclusions, and Recommendation and denied Thomas' motion (ECF No. 103).

## II.   DISCUSSION

Thomas now seeks an order awarding him costs of court pursuant to Section 1032 of the California Code of Civil Procedure. Thomas argues that he should recover costs because he is the prevailing party under that section as interpreted by the California Supreme Court in *DeSaulles v. Community Hospital of the Monterey Peninsula*, 370 P.3d 996 (Cal. 2016). Greyhound responds that Thomas' Motion seeks to revisit his Motion to Reconsider that the Court already has denied, that the California Code of Civil Procedure is inapplicable in this Court, that the *DeSaulles* decision is distinguishable in any event since Thomas and Greyhound reached a settlement at mediation and not through a stipulated judgment, and that final judgment already has been entered in this case.

Greyhound is correct that the Court is not bound in this case by the decisions of the California Supreme Court or the California Code of Civil Procedure. The Federal Rules of Civil Procedure apply here. Fed. R. Civ. P. 1. Pursuant to Fed. R. Civ. P. 54(d), costs generally should be allowed to the prevailing party in a case, but Thomas has provided no legal or equitable reason why he was the prevailing party and entitled to an award of costs. Indeed, this case was resolved due to an agreement reached at mediation. Thomas objected to that resolution and further objected to the judgment based on that resolution. (*See* ECF Nos. 90 and 97). Final Judgment was entered that did not award costs to either party, which further indicates that neither party "prevailed" as contemplated by Rule 54(d). (*See* ECF No. 93). On these facts, Thomas is

not the prevailing party and is not entitled to recover costs under the Federal Rules of Civil Procedure. Accordingly, Judge O'Connor should **DENY** Plaintiff's Motion (ECF No. 104).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **August 6, 2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3